Gaston, Judge,
 

 after sating the case proceeded. — The merits of this controversy have not been argued before us. The counsel on both sides have agreed in the opinion that • the proceedings were so irregular, as not to warrant any judgment. There was no petition setting forth the provisions in the will of Jethro Darden, or the parties between whom a division was sought to be made. There was no action constituted by any process, to give the Court jurisdiction in relation to the matters on which it professed to adjudicate. .The return of the.commissioners, appointed on the application of the executor, might properly have been filed as evidencing
 
 his
 
 disposition of the estate of his testator; but it received no validity from the sanction of the commissioners; it had no operation except against those who acquiesced in it; and it called for no confirmation from the Court. It was analagous to the ordinary case, in which an executor or administrator returns an account to Court of his administration of the estate, usually, indeed, examined by auditors, but regarded as entirely
 
 ex parte,'
 
 and binding on him only. The interference of the appellants with the return was inofficious, and the various orders passed thereon without authority. The division, was the division of the executor, and of such of the parties as concurred therein, and its propriety could only be investigated by the Court, in some action appropriate for that purpose. If the Court had no authority to act judicially upon the return of the commissioners, it was equally without authority to give judgment to either party for costs. Costs are damages adjudged to the one party, because of the unjust suit or defence of the other. Where no action has been constituted, costs cannot be adjudged.
 

 
 *500
 
 It has been insisted, that upon this view of the proceedings, the Court ought to dismiss this appeal; for that in contemplation of law, what purports to be the judgment of the Superior Court, is a mere nullity. Without admitting it to be so, we think, nevertheless, that it may be reviewed by appeal. This is the only mode known in the state for the correction of the legal errors of that tribunal, and we understand the laws regulating the Supreme Court as au-thorising appeals to it from all acts of the Superior Court, which purport to be final adjudications on questions of right.
 

 The judgment ot the Superior Court must be reversed as erroneous. Not considering the case to be comprehended within the term “ actions,” as used in the 90th section of the Act of 1777
 
 (Rev. ch.
 
 115), and believing that the costs of the appeal are therefore at our discretion, we think it right, in a matter of mutual mistake and blunder, to adjudge no costs to either party.
 

 Per Curiam. Judgment reversed.